UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ASHTON FORD,

            Plaintiff,

v.

CCDC et al.,

            Defendants.

Case No.  2:19-cv-00355-RFB-BNW

ORDER

    This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a county inmate.  On April 10, 2019, this Court issued an order directing Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400.00 within thirty (30) days from the date of that order.  (ECF No. 6 at 1-2).  The thirty-day period has now expired, and Plaintiff has not filed an application to proceed *in forma pauperis*, paid the full filing fee, or otherwise responded to the Court's order.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule);  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (dismissal for failure to comply with an order requiring amendment of complaint);  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring

1    *pro se* plaintiffs to keep court apprised of address);  *Malone v. U.S. Postal Service*, 833
2    F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order);  *Henderson*
3    *v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and
4    failure to comply with local rules).

5        In determining whether to dismiss an action for lack of prosecution, failure to obey
6    a court order, or failure to comply with local rules, the court must consider several factors:
7    (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
8    manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
9    disposition of cases on their merits; and (5) the availability of less drastic alternatives.
10   *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;
11   *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

12       In the instant case, the Court finds that the first two factors, the public's interest in
13   expeditiously resolving this litigation and the Court's interest in managing the docket,
14   weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs
15   in favor of dismissal, since a presumption of injury arises from the occurrence of
16   unreasonable delay in filing a pleading ordered by the court or prosecuting an action.  *See*
17   *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy
18   favoring disposition of cases on their merits – is greatly outweighed by the factors in favor
19   of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey
20   the court's order will result in dismissal satisfies the "consideration of alternatives"
21   requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779
22   F.2d at 1424.  The Court's order requiring Plaintiff to file an application to proceed *in forma*
23   *pauperis* or pay the full filing fee within thirty (30) days expressly stated: "IT IS FURTHER
24   ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action
25   may result." (ECF No. 6 at 2).  Thus, Plaintiff had adequate warning that dismissal would
26   result from his noncompliance with the Court's order to file an application to proceed *in*
27   *forma pauperis* or pay the full filing fee within thirty (30) days.
28   / / /

1        IT IS THEREFORE ORDERED that this action is dismissed without prejudice

2 based on Plaintiff's failure to file an application to proceed *in forma pauperis* or pay the

3 full filing fee in compliance with this Court's April 10, 2019, order.

4        IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment and close

5 this case accordingly.

6

7        DATED this <u>20th</u> day of May, 2019.

8

9                                                      RICHARD F. BOULWARE, II

10                                                      UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28